Southard J.
The state of demand is in the following words:

*251
Williams & Priestley

1813. To John Hamilton, Dr.
Nov. 4, To a new steel spring gig, .... $300 00
Cr. By account rendered by Williams, $100 62.5
By account rendered by Priestley, 128 13.5-228 76
$71 24
To interest on-balance from March 5,1814, to March 5, 1817,........18 28
. $89 52
The defendants filed a plea of nil debent, and added a partnership account against the plaintiff, commencing July 1, 1813, and ending March 5, 1814, for 128 dollars, 13.5 cents, with interest amounting to 162 dollars, 47.5 cents.
At the trial, the plaintiff produced the two accounts referred *to in his state of demand; one of them, containing the same items as the account filed by the defendants; the other, purporting to be an account of Williams against the plaintiff, beginning July 16, 1812, and ending February 1, 1814, for £ 40 5 s., which the justice adds, “ was admitted in evidence.” Defendants admitted the existence of the partnership since May 5, 1813, but alleged that all the articles in Williams’ account were furnished by him, on his individual account, &c.
The defendants moved for a nonsuit on two grounds. 1. Because the demand exceeded the jurisdiction of the justice, and the plainitff did not set out particular items to reduce it within that jurisdiction. And 2ndly, because it did not appear upon the state of demand or record, that the accounts credited by the plaintiff, were on a joint demand, or owing to both defendants, and legally the subject matter of set-off, so as to reduce the claim to 100 dollars. This motion being overruled by the justice, the defendants now press the same reasons before this court, as grounds for reversal.
In considering this case, we must regard the account of Williams for 100 dollars, 62.5 cents, as private and individual. It appears upon its face to be so, and there is *252 nothing in the record to shew that it had any reference or connexion with the partnership of the defendants.
Upon the first reason. The statute and uniform decisions of this court, require that the jurisdiction of the court for the trial of small causes should appear upon the face of the pleadings. If the claim of the plaintiff originally exceed 100 dollars, it must be reduced to that sum by the plea filed at the same time as the state of demand, or by a credit given by the plaintiff himself. And in either case, either of plea or credit, the same particularity of items, dates, &c. is required as in the account filed by the plaintiff against the defendant; and this for two reasons, in case the plaintiff give the credit; first, that the court may see that the credits are real, not fictitious for the purpose of giving jurisdiction. And second, that the defendant may not be embarrassed by a general allowance. “ If the plaintiff will give the credit and strike, a balance, he must do it fairly and according to the truth, shewing the particulars with their dates, as they arose in the account.” Rue v. Boughaner, February term 1818. Pen. 561, 206, 660. But while this particularity is required, yet it need *not be extended beyond what is necessary in the plaintiff’s account, and this I think is found in the credit here allowed. The account is credited in gross; but it is an account drawn out, presented, and claimed bjr the defendant himself; with the items of which, he must be perfectly acquainted. There is in it, no mark of fraud, no appearance of a design to give jurisdiction; nor can the defendant possibly be embarrassed-by it, if he is an honest man and has rendered an honest account. . It stands upon exactly the same ground as a claim of a plaintiff upon a balance of account, upon a settlement between the parties, which has been repeatedly adjudged sufficient. In the one case, in order to support the demand, the party must prove a settlement, and in the other he must shew that the account was rendered. It therefore appears to me free from every objection.. But
2. Can this private account of Williams’ be credited in this action ? If there was a consent of the parties that this should bé done, it would not be incorrect. But here is no consent given; ,on the contrary the defendants do *253 not claim it by their plea, but expressly object to its admission at the trial. Is it admissible this objection? I think not, and for four reasons. This credit given in the state of demand of the plaintiff, comes in the place and stead of the set-off by the defendant. As it takes its place, it ought to have its legal characteristics. It ought to be a set-off. Now this account could not be set off by the defendants. 2. In this way the plaintiff may give jurisdiction, where it would not legally attach. 3. The plaintiff may compel a defendant to have his accounts credited to him, in a way and mode contrary to his wishes and interests. This is improper, especially under our statute, which bars a legal account of the defendant, if he fail at the proper time to use it as a set-off. And 4. He may thus use the separate claim of one, of two, or more partners, to pay a debt of the firm contrary to the respective rights of the parties, and how shall the partner whose private accounthas been used, find a remedy against his copartners ? Can he recover from them the money which is thus taken from him ? I think not. He paid it, not at their request and consent, but contrary to both.
For the reason, therefore, that the plaintiff credited the individual account of Williams, contrary to the will oi the defendant, *which without such consent could not be off-set, and thus gave jurisdiction where it did not attach, I think the judgment should be reversed, and in this opinion the whole court concur.
Judgment reversed.